■ JOSEPHINE PULLANO, Respondent, v. KEARING DISTRIBUTING, INC., et al., Appellants.— Appeal from a judgment in favor of the respondent for $2,500 in a personal injury action tried in the Broome County Court before a jury. The individual appellant in behalf of the corporate appellant, installed a neon beer advertising sign in the grocery store of the respondent. The sign consisted of two units, the neon part and a transformer. Respondent claimed that when she was raising a window something struck her on the head and rendered her unconscious. When she came to she found the transformer and the neon sign on the floor beside her. The complaint was framed on the theory that the apparatus was negligently and unsafely attached to the ceiling of the store premises. There is no direct allegation in the complaint of negligent maintenance although perhaps it may be inferred from the language in which some of the allegations are couched. Briefly, it is the claim of respondent that the transformer and the neon sign were suspended by flexible wires attached to eye hooks in the ceiling. There is proof that an installation of such character was unsafe. Appellants' proof, to the contrary, is that the transformer was attached to open hooks in the upper part of the window frame and the sign held by tubes attached to the transformer. Shortly after the installation was made in that manner and before the accident happened it was found that when the lower part of the window was raised the top of it struck the sign. To correct this condition and bring the sign out farther from the window wires were run from it to eye hooks attached in the ceiling, the transformer however remaining suspended from hooks in the upper part of the window frame. There is proof in the record that such an installation was proper and in accord with common practice. The jury could find of course, if it found claimant's testimony credible, that she was struck in the head by the transformer which weighed 11 or 12 pounds. The difficulty with her case is the manner in which her witnesses described the way the apparatus was installed. Their description had the transformer hanging from wires suspended from the ceiling but the neon sign itself was closer to the window and not in a perpendicular line beneath the transformer. With the use of flexible wires as described in the record this was obviously a physical impossibility, and must be found against the weight of credible evidence. Since the method of installation was the vital issue in the case the verdict must be set aside, but on the whole record we think a new trial should be had rather than a dismissal of the complaint. Judgment reversed, on the law and the facts, and a new trial directed, with costs to abide the event. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.